Finally it is suggested in the elaborate and carefully considered opinion of the learned referee, in substance, that if it be assumed that plaintiff's lessors became bound, in the conditions of their respective grants, to erect and maintain wharves which should be for the benefit and use of the general public, and that it was a violation of their obligations to exclude defendants, still their obligations rested upon a contract with the state, and that it alone could pursue a remedy for such violation. We do not deem it necessary in this case to decide how far the defendants, as plaintiffs, might go in enforcing obligations made for their benefit, as part of the public, by the state with its grantees. We do not think that that question is necessarily here. The defendants are not plaintiffs seeking to pursue some remedy. The relations of the parties litigant in respect to the affirmative is the reverse of that which it seems to us is implied in this suggestion by the learned referee. The lessor of the docks, as a plaintiff, has come into a court of equity, asking that it should assist it, in violation, as we have held, of the obligations which rested upon it, to unlawfully exclude defendants from the docks in question. It is asking this court to furnish power and authority to aid in violating the obligations which it has assumed with the state for the benefit of the public, of which defendants are a part. It is well settled, upon principle and by precedent, that the court will not take such a part for such purposes.

The judgment appealed from should be reversed in so far as it, in effect, adjudges that the defendants, their agents and employés, be restrained from landing their boats at the Cornwall Wharf or the Crossman Wharf during the period covered by the leases held by the plaintiff, and that said defendants, their agents, servants, etc., be restrained from entering or going upon either of said wharves during said period for the purpose of soliciting passengers or traffic for their boats, and a new trial granted upon questions of law and of fact; and said judgment is affirmed in so far as it adjudges with respect to the Fine View Wharf. This decision to be without costs to either party, as against the other, of this appeal. All concur.

LYON et al. v. WILCOX.

(Supreme Court, Appellate Division, Second Department. March 27, 1903.)

1. ATTORNEYS' FEES—NEW TRIAL.

In an action by attorneys to recover fees earned in a suit instituted against a railroad company, defendant claimed that in making a settlement of that suit it was understood that he should have a certain sum, net, and that plaintiffs' compensation should be paid by the railroad company, and produced the treasurer and attorney of the railroad to testify to the transaction. Held, that a new trial to obtain the testimony of the president of the railroad and the employé who audited defendant's claim, as to the transactions connected with the settlement of the railroad suit was properly refused.

2. SAME—AGREEMENT.

In an action to recover attorneys' fees for a suit which defendant had settled himself defendant claimed that he was to have the entire sum,

and that plaintiffs were to receive their compensation, if any, from the other party to that suit, but the jury found that defendant had agreed to pay plaintiffs a certain per cent. of the amount recovered. *Held*, that it was immaterial what plaintiffs had received from the party with whom the settlement was made.

Appeal from Orange County Court.

Action by John W. Lyon and Frank Lybolt against Ransom Wilcox. Order denying a motion for a new trial, and defendant appeals. Affirmed.

The following is the opinion of BEATTIE, J., in the county court:

The effect of all the evidence offered by the defendant was that the plaintiffs had agreed to prosecute an action in his favor against the Port Jervis & Monticello Railroad Company for twenty per cent. upon the amount of the recovery as their compensation for services rendered. The action was settled before trial. The defendant claims that the understanding was that, upon the settlement being made, he should have $500 net, and that the whole of the plaintiffs' compensation for their services should be paid by the railroad company, if paid at all. The plaintiffs claimed that there was no such agreement, but that the defendant was to pay them a reasonable amount for their services, in addition to such amount as they could get from the railroad company as their costs and disbursements. The case was submitted to the jury in such manner that, if they had believed the testimony in behalf of the defendant that he was to have $500 net, their verdict would have been for the defendant. The case has been twice tried, and there can be no question that ordinary diligence would have developed what is now claimed to be newly discovered evidence in favor of the defendant. Mr. Goddefroy was the president and general superintendent of the railroad company, and the claim, as paid, was audited by Mr. Cox, an employé of the company. There was no apparent reason why they should not have been deemed as important witnesses for the defendant as Mr. Lillie, the treasurer of the company, or Mr. Parshall, its attorney, and, like them, produced as witnesses upon the trial to testify as to their knowledge of the whole transaction. Whether the $300 paid by the railroad company to the plaintiffs as attorneys included claims other than their claim for costs and disbursements in the Wilcox action does not seem to me to be important. The defendant himself entered into negotiations with the railroad company for the settlement of his claim, and agreed to accept $500. If, as the jury have found, he was still to pay his attorneys twenty per cent. upon the amount he received, it does not avail him that the railroad company paid to the attorneys $300 additional. If the plaintiffs had made the settlement, and had concealed from the defendant that $800 was to be paid by the railroad company, then the question of the items or charges which involved the payment of $300 more than was paid to the defendant would be of importance. I think the verdict of the jury as to the weight of evidence was conclusive, and that the motion for a new trial should be denied, with costs.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Frank Marvin and C. E. Cuddebock, for appellant.

John W. Lyon and Frank Lybolt, for respondents.

PER CURIAM. Order of the County Court of Orange County denying motion for new trial on the ground of surprise and newly discovered evidence affirmed, with costs, on the opinion of the county judge.